STATE OF CONNECTICUT *v.* BRADSHAW SMITH
(AC 33479)

Gruendel, Bear and Espinosa, Js.

Argued September 18—officially released November 6, 2012

*Richard S. Cramer*, for the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Scott P. Murphy*, state's attorney, and *Andreas Spoerk*, special deputy assistant state's attorney, for the appellee (state).

*Opinion*

BEAR, J. The defendant, Bradshaw Smith, appeals from the judgment of conviction of one count of permitting a dog to roam at large in violation of General Statutes § 22-364 (a). On appeal, the defendant claims that § 22-364 (a) is void for vagueness and that there was insufficient evidence to support his conviction. We disagree and, accordingly, affirm the judgment of the trial court.

The basic facts are not in dispute. On July 16, 2010, the defendant and his dog were on the grounds of Windsor High School (school), when Officer Joseph Beaudoin of the Windsor police department received a call to investigate a report of a dog roaming on the school grounds. Beaudoin arrived at approximately 5:40 a.m.

He saw the defendant speaking with an off-duty member of the Windsor police department, Captain Kelvan Kearse, but he did not see a dog. Beaudoin approached the defendant and asked him if he knew where the dog was located. The defendant pointed in a general direction, but Beaudoin still could not see the dog. The defendant then called to the dog, a small mixed collie breed, which immediately appeared from behind some vehicles approximately twenty to thirty yards away from where Kearse, Beaudoin and the defendant stood. Beaudoin charged the defendant with the infraction of permitting a dog to roam at large. The defendant elected to have a court trial, at which only Beaudoin was called as a witness. Following the trial, the court convicted the defendant of the charged infraction. This appeal followed.

I

On appeal, the defendant claims that § 22-364 (a) is void for vagueness as applied to the facts of this case. He argues that the statute does not give a person of ordinary intelligence "fair warning that walking a dog at a public high school totally under his verbal control, but without a leash, falls within the parameter of [§ 22-364 (a)]." The state argues that "the ordinary meaning of the words 'roam,' 'at large,' and 'control,' as well as relevant case law, affords a person of ordinary intelligence fair warning that allowing a dog to wander out of sight twenty or thirty yards away is to allow a dog to roam at large while not under the control of the owner in contravention of § 22-364." We agree with the state.

"The void for vagueness doctrine is a procedural due process concept that originally was derived from the guarantees of due process contained in the fifth and fourteenth amendments to the United States constitution. The Connecticut constitution also requires that

statutes with penal consequences provide sufficient notice to citizens to apprise them of what conduct is prohibited. . . . The constitutional injunction that is commonly referred to as the void for vagueness doctrine embodies two central precepts: the right to fair warning of the effect of a governing statute or regulation and the guarantee against standardless law enforcement. . . . If the meaning of a statute can be fairly ascertained a statute will not be void for vagueness since [m]any statutes will have some inherent vagueness, for [i]n most English words and phrases there lurk uncertainties." (Internal quotation marks omitted.) *State* v. *Stuart*, 113 Conn. App. 541, 560–61, 967 A.2d 532, cert. denied, 293 Conn. 922, 980 A.2d 914 (2009).

"In challenging the constitutionality of a statute, the defendant bears a heavy burden. To prevail on his vagueness claim, [t]he defendant must demonstrate beyond a reasonable doubt that the statute, as applied to him, deprived him of adequate notice of what conduct the statute proscribed or that he fell victim to arbitrary and discriminatory enforcement. . . . The proper test for determining [whether] a statute is vague as applied is whether a reasonable person would have anticipated that the statute would apply to his or her particular conduct. . . . The test is objectively applied to the actor's conduct and judged by a reasonable person's reading of the statute . . . . [O]ur fundamental inquiry is whether a person of ordinary intelligence would comprehend that the defendant's acts were prohibited . . . ." (Citation omitted; internal quotation marks omitted.) Id., 562. With these principles in mind, we turn to the particular facts of the present case.

The defendant asserts that neither he nor any reasonable person would know that walking an unleashed dog on the grounds of a public school would violate the statute. This assertion, however, does not encompass

all of the possible factual scenarios that fall within the parameters of § 22-364. Section 22-364 (a) provides: "No owner or keeper of any dog shall allow such dog to roam at large upon the land of another and not under control of the owner or keeper or the agent of the owner or keeper, nor allow such dog to roam at large on any portion of any public highway and not attended or under control of such owner or keeper or his agent, provided nothing in this subsection shall be construed to limit or prohibit the use of hunting dogs during the open hunting or training season. The unauthorized presence of any dog on the land of any person other than the owner or keeper of such dog or on any portion of a public highway when such dog is not attended by or under the control of such owner or keeper, shall be prima facie evidence of a violation of the provisions of this subsection. Violation of any provision of this subsection shall be an infraction." Under the particular facts of this case, the statute must have given the defendant fair notice that his conduct would violate the statute, which prohibits an owner or keeper of a dog from "allow[ing] such dog to roam at large upon the land of another and not under control of the owner or keeper . . . ." General Statutes § 22-364 (a).

The defendant argues that no reasonable person would know that permitting a dog, who readily responds to voice commands, to wander on the grounds of a public school would equate to permitting a dog to "roam at large . . . and not [be] under the control of the owner . . . ." See General Statutes § 22-364 (a). The parties agree that the key statutory terms in this case are roam, at large and control. After reviewing the common meaning of these terms, we conclude that the statute gives fair and reasonable notice of what is prohibited. Accordingly, § 22-364 (a) is not void for vagueness as applied in this case.

Roam is defined as "to go from place to place without purpose or direction . . . to travel purposefully unhindered through a wide area . . . ." Merriam-Webster's Collegiate Dictionary (11th Ed. 2003) p. 1077. At large is defined as "free; unrestrained; not under control"; Black's Law Dictionary (9th Ed. 2009); and "free of restraint or confinement." Merriam-Webster's Collegiate Dictionary, supra, p. 701. The statute also mandates that the dog be "not under [the] control of the owner" before a violation can be found. General Statutes § 22-364 (a). Control is defined as "to exercise restraining or directing influence over . . . to have power over . . . ." Merriam-Webster's Collegiate Dictionary, supra, p. 272. Therefore, under the plain terms of the statute, we conclude that a reasonable person in the defendant's position had fair notice that § 22-364 (a) prohibits a dog owner from, inter alia, allowing a dog freely to move around another's property, unrestrained and unhindered, and not under the direct influence of the dog's owner. Because the prohibition of the statute readily can be defined and determined in this case, we conclude that the statute is not void for vagueness.

II

The defendant also claims that there was insufficient evidence to support his conviction of permitting a dog to roam at large. He argues that § 22-364 (a) does not require that a dog be leashed and that the mere fact that his dog was off leash does not mean it was roaming at large, not under his control. He argues that the dog came immediately upon being called and that this demonstrates that he had control of the dog. The state argues that the dog was out of the defendant's sight, behind some vehicles, approximately twenty to thirty yards away from the defendant, and, therefore, it was roaming at large, not under the defendant's direct control. We agree with the state.

In addressing the defendant's claim, we employ the following standard of review. "[T]he [d]ue [p]rocess [c]lause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. . . . The standard of review for a sufficiency of the evidence claim employs a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [trier] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . This court cannot substitute its own judgment for that of the [trier] if there is sufficient evidence to support [the] verdict. . . .

"It is axiomatic that the [trier of fact] must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, [but] each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical for the [trier of fact] to conclude that a basic fact or an inferred fact is true, the [trier] is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [defendant's guilt]." (Citations omitted; internal quotation marks omitted.) *State* v. *Reid*, 123 Conn. App. 383, 391–92, 1 A.3d 1204, cert. denied, 298 Conn. 929, 5 A.3d 490 (2010). With this

standard in mind, we turn to the defendant's insufficiency claim.

In the present case, the court, acting as the trier of fact, found[1] in relevant part that the evidence demonstrated that the defendant was speaking with Kearse at the time that Beaudoin arrived at the school. Beaudoin did not see a dog in the immediate area and, after approaching the defendant, asked the defendant about the dog. The defendant pointed in a general direction, indicating that the dog was in that area. He also identified himself as the owner of the dog. Beaudoin looked in the general direction in which the defendant had pointed, but, still, could not see a dog. The defendant then called the dog, which came out from behind some vehicles that were located twenty to thirty yards from where the defendant, Kearse and Beaudoin were standing. On the basis of these facts, the court concluded that the defendant was in violation of § 22-364 (a).

As we explained in part I of this opinion, the plain language of the relevant portion of § 22-364 (a) prohibits a dog owner from, inter alia, allowing a dog freely to move around another's property, unrestrained and unhindered, and not under the direct influence of the dog's owner. We conclude that in the present case, the facts found by the court demonstrate beyond a reasonable doubt that the defendant's dog was freely moving around the school grounds, unrestrained and unhindered, and not under the direct influence of the defendant, including but not limited to the period of time it was out of the defendant's sight.[2]

---

[1] The defendant filed a motion for articulation with the trial court, asking that the court articulate its findings and conclusions in the present case. The court granted the motion, stating that, "due to inadvertence, the [c]ourt's remarks made at the time of the rendering of the decision were not electronically recorded and no written memorandum of decision ha[d] been issued." The court complied with the defendant's request and issued a written articulation.

[2] The court found that at the time Beaudoin arrived on the scene, the dog was out of eyesight, behind a vehicle twenty to thirty yards away from the

Although the defendant argues that the evidence demonstrated that the dog immediately returned to the defendant's side upon command, it can also be inferred from the evidence that the defendant had no direct control over the dog when it was behind the vehicles, out of sight, approximately twenty to thirty yards away from the defendant. We agree that the defendant demonstrated control over the dog at the time he called the dog and it responded; the evidence, however, also inferentially demonstrates that during the time the defendant was speaking with Beaudoin, the defendant was exerting no control over the dog, who was twenty or thirty yards away from him and not in his sight.[3] Accordingly, we conclude that there was sufficient evidence to support the defendant's conviction of permitting a dog to roam at large in violation of § 22-364 (a).

The judgment is affirmed.

In this opinion the other judges concurred.

---

defendant, and, while out of sight, the dog could go where it pleased and do what it pleased. Unless it made a sound, the defendant was completely unaware of the dog's exact location or its specific behavior. Until the defendant called the dog, it was in an open, unenclosed area, out of his sight, and its actions were not being directed or controlled by him.

[3] On appeal, the defendant also argues that, although the evidence demonstrated that Beaudoin could not see the dog, there was no evidence that the defendant could not see the dog. The defendant has not briefed a claim on appeal challenging, as clearly erroneous, the court's finding that the defendant could not see the dog when it was behind the vehicles. Nevertheless, we conclude that the court reasonably could have found, on the basis of the evidence and the reasonable inferences drawn therefrom, that because the defendant was standing with Beaudoin, and Beaudoin could not see the small dog because it was behind some vehicles approximately twenty to thirty yards away, the defendant also could not see the dog.